**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PERRY HILL, both individually and on behalf of a class of
others similarly situated,

                             Plaintiff,               9:14-cv-00933 (BKS/DJS)

v.

COUNTY OF MONTGOMERY, MICHAEL AMATO,
and MICHAEL FRANKO,

                             Defendants.

**APPEARANCES:**

*For Plaintiff:*

Law Offices of Elmer Robert Keach, III, P.C.
Elmer Robert Keach, III
Maria K. Dyson
One Pine West Plaza, Suite 109
Albany, NY 12205

Migliaccio & Rathod LLP
Nicholas A. Migliaccio
Jason S. Rathod
412 H Street NE, Suite 302
Washington, DC 20002

*For Defendants:*

Goldberg Segalla LLP
Jonathan M. Bernstein
8 Southwoods Boulevard, Suite 300
Albany, NY 12211

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

      Plaintiff Perry Hill brings this proposed class action under 42 U.S.C. § 1983 against

Defendants County of Montgomery, Michael Amato, and Michael Franko. (Dkt. No. 1). In the

Complaint, Hill advances a conditions of confinement claim, alleging that Defendants failed to provide adequate food and nutrition in violation of the Eighth Amendment while he was detained at the Montgomery County Jail ("MCJ") in Fultonville, New York. (*Id.*). Presently before the Court are: (1) Hill's supplemental briefing concerning whether he was a pretrial detainee or convicted prisoner at MCJ; (2) Hill's supplemental briefing concerning whether he has standing to bring a claim for declaratory and injunctive relief; (3) Hill's motion for leave to amend the Complaint under Rule 15; and (4) proposed intervenor James Rogers' motion for leave to intervene, under Rule 24, as a named plaintiff and class representative. (Dkt. Nos. 73, 106, 107). Defendants oppose these motions. (Dkt. Nos. 88, 113). For the reasons that follow, the Court concludes that Hill was a pretrial detainee at MCJ, dismisses Hill's claim for declaratory and injunctive relief as he lacks Article III standing, and grants in part and denies in part the motions to amend and intervene.[1]

## II.    PROCEDURAL HISTORY

On July 25, 2014, Hill filed the Complaint in this action. (Dkt. No. 1). On February 27, 2017, after conducting significant discovery, Hill moved for class certification. (Dkt. No. 73). It was unclear from his papers, however, whether Hill, who was held at MCJ in connection with a probation violation, was a pretrial detainee or a convicted prisoner. *Hill v. County of Montgomery*, No. 14-cv-933, 2017 WL 9249663, at \*4–5, \*9 (N.D.N.Y. Sept. 29, 2017).[2] Plaintiff's status governs whether his conditions of confinement claim is analyzed under the Eighth Amendment's cruel and unusual punishment clause[3] or the Fourteenth Amendment's due

---

[1] As described below, the Court will consider Hill's pending motion for class certification (Dkt. No. 106) following Hill's response to this Order.

[2] Lexis citation unavailable.

[3] The Eighth Amendment's prohibition of cruel and unusual punishment has been incorporated against the states through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 666–67 (1962).

process clause, which require slightly different showings.[4] Further, the Court found that, because

Hill had been released from MCJ before filing this action, his claim for injunctive relief was in

all likelihood moot and he did not have standing to seek such relief on behalf of the purported

class. *Id*. at \*9. The Court therefore denied Plaintiff's motion for class certification without

prejudice to renewal upon briefing these issues. *Id*. The Court addresses Hill's briefing on these

two issues before turning to the motion to amend and intervene.

## III.    BACKGROUND

The Court assumes familiarity with the factual background of this case, as set forth in its

September 29, 2017 Decision. *Hill*, 2017 WL 9249663, at \*1–3.

---

[4] The Court previously explained:

> Under both the Eighth and Fourteenth Amendments, a plaintiff must establish an objective element and a subjective element for a § 1983 conditions of confinement claim. Under both amendments, "to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Darnell*, 849 F.3d at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013)). The Constitution requires "that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it' [and] under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). "[C]onditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Walker*, 717 F.3d at 125 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

> The subjective element requirement, however, differs between the two amendments. Under the Eighth Amendment, a defendant "'cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). The mens rea requirement for pretrial detainees under the Fourteenth Amendment, on the other hand, is defined objectively. *Darnell*, 849 F.3d at 35. A pretrial detainee must prove "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 29, 35.

*Hill*, 2017 WL 9249663, at \*5.

IV.     **ADDITIONAL BRIEFING**

A.      **Pretrial Detainee or Convicted Prisoner**

Hill explains in his memorandum of law that before his release from MCJ he did not

receive a "hearing to determine whether he had violated his probation," and that "it was

eventually determined that the Plaintiff was not even on probation, but that there was a clerical

error regarding the end date of his probation," and he "was released from custody that same

day." (Dkt. No. 107, at 6). He maintains that his status at MCJ was that of pretrial detainee and

that he seeks to advance his conditions of confinement claims under the Fourteenth Amendment.

Whether to classify an individual detained for a suspected probation violation as a pretrial

detainee or a convicted prisoner is an "unresolved and difficult question." *Harry v. Suarez*, No.

10-cv-6756, 2012 WL 2053533, at *2 n.3, 2012 U.S. Dist. LEXIS 79551, *6–8 n.3 (S.D.N.Y.

June 4, 2012); *see also Palmer v. Marion County*, 327 F.3d 588, 592–93 (7th Cir. 2003) ("[T]he

confusion about the constitutional predicate for Palmer's claims arises from the uncertainty as to

whether a detainee awaiting a hearing on a probation violation can be 'punished' under the

Eighth Amendment.").

Given Hill's assertion that the alleged probation violation occurred after his term of

probation expired, and thus was not actionable or based on a conviction or sentence, his claims

are governed by the Fourteenth Amendment. "[T]he state does not acquire the power to punish

with which the Eighth Amendment is concerned until after it has secured a formal adjudication

of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40

(1977). "The Eighth Amendment's protection does not apply 'until after conviction and

sentence.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quoting *Graham v. Connor*,

490 U.S. 386, 392 n.6 (1989)); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the

Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt in

accordance with due process of law."). Moreover, even if Hill's probation had not expired prior

to the alleged violation, because he had not yet had a hearing or been found guilty of the

violation, his status is more akin to that of a pretrial detainee. *See Chrisco v. Hayes*, No. 17-cv-

72, 2017 WL 5404191, at *4, 2017 U.S. Dist. LEXIS 187935, at *11 (D. Colo. Nov. 14, 2017)

(explaining that "pretrial detainees include incarcerated individuals awaiting trial on pending

criminal charges and individuals awaiting adjudication on pending accusations that they have

violated the terms of their probation or parole" but that the plaintiff "[i]nasmuch as he had been

found guilty of a probation violation . . . was no longer a pretrial detainee"); *Weishaar v. County*

*of Napa*, No. 14-cv-1352, 2016 WL 7242122, at *7, 2016 U.S. Dist. LEXIS 173833, at *17

(N.D. Cal. Dec. 15, 2016) (viewing the plaintiff's claims as those of a detainee arising under the

Fourteenth Amendment where "there was only an allegation that [the plaintiff] violated his terms

of probation"); *Ard v. Rushing*, No. 13-cv-249, 2014 WL 12489978, at *2 n.3 (S.D. Miss. Feb.

10, 2014) (concluding that because the plaintiff "was in custody awaiting a probation revocation

hearing . . . she was essentially a pretrial detainee")[5]; *but see Ford v. Grand Traverse County*,

No. 04-cv-682, 2005 WL 2572025, at *1 n.1 (W.D. Mich. Oct. 12, 2005)[6] ("The Eighth

Amendment and not the Fourteenth Amendment is the appropriate reference because Plaintiff

was imprisoned in connection with a convicted offense (i.e., she was held for a suspected

probation violation) and was not a pretrial detainee.").

### B.    Mootness—Declaratory and Injunctive Relief

In response to the Court's request for further briefing as to whether Hill's claims for

injunctive relief are moot because he was released from MCJ prior to filing the Complaint, Hill

"acknowledges that he likely does not have standing to bring a claim for injunctive relief given

---

[5] Lexis citation unavailable.

[6] Lexis citation unavailable.

that he was not detained at the [MCJ] at the time the Complaint was filed." (Dkt. No. 107, at 16).

His release prior to filing is likewise fatal to his claim for declaratory relief.[7]

"It is well established that '[t]he Case or Controversy Clause of Article III, Section 2 of

the United States Constitution limits the subject matter jurisdiction of the federal courts such that

the parties must continue to have a personal stake in the outcome of the lawsuit.'" *Tanasi v. New*

*All. Bank*, 786 F.3d 195, 198 (2d Cir. 2015) (alteration in original) (quoting *United States v.*

*Wiltshire*, 772 F.3d 976, 978 (2d Cir. 2014)). "That is, '[w]hen the issues in dispute between the

parties are no longer live, a case becomes moot.'" *Id.* (alteration in original) (quoting *Lillbask ex*

*rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005)). "In this circuit, an

inmate's transfer from a prison facility generally moots claims for *declaratory and injunctive*

relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)

(emphasis added).

Hill filed the Complaint on July 25, 2014. (Dkt. No. 1). He was released from MCJ in

March 2014, several months prior to filing the Complaint. (Dkt. No. 1, ¶ 3). Consequently, the

Court lacks Article III jurisdiction over Hill's claims for declaratory and injunctive relief, and

they are dismissed as moot.

## V.    PROPOSED AMENDED COMPLAINT

The proposed amended complaint adds the following allegation: "From June 2014 until

February 2015, Mr. Rogers was detained at the Montgomery County Jail. Mr. Rogers spent

approximately four months as a pre-trial detainee and four months as a convicted detainee."

(Dkt. No. 126-2, ¶ 4). It further alleges that Rogers "was approximately 195 pounds upon his

admission to the jail. Mr. Rogers lost approximately 15 pounds during his eight-month admission

---

[7] During oral argument, Plaintiff's counsel maintained that Hill's release did not impact his standing to pursue a declaratory judgment claim. The Court invited further briefing on this issue but Plaintiff has not cited any case law to support this proposition.

to the jail. Mr. Rogers weight loss was also substantial given he is 6'1, and is an extremely thin

man." (*Id*. ¶ 34).

The proposed amended complaint defines a primary class and two subclasses. The

primary class consists of:

> All detainees who have been or will be placed into the custody of
> the Montgomery County Jail and were detained for at least two
> consecutive weeks. The class period commences on July 24, 2011,
> and extends to the date on which Montgomery County is enjoined
> from, or otherwise ceases, enforcing its policy, practice and custom
> of refusing to provide an appropriate amount of nutritional
> sustenance to all detainees admitted to the Montgomery County
> Jail. Specifically excluded from the class are Defendant and any
> and all of its respective affiliates, legal representatives, heirs,
> successors, employees or assignees.

(*Id.* ¶ 9). It defines the Pre-Trial Detainee Sub-Class as: "All members of the Primary Class but

who were housed as a Pre-Trial Detainee, in that they had not yet been convicted of their

charges." (*Id*.). It defines the Post-Trial Detainee Sub-Class as: "All members of the Primary

Class, but who were housed as a Post-Trial Detainee, in that they had been convicted of their

charges, either by a plea or jury trial." (*Id*.).

## VI.    MOTION TO INTERVENE

### A.    Standard of Review

Federal Rule of Civil Procedure 24 provides for intervention as of right or by permission

of the court. Rule 24(a), which governs intervention as of right, provides:

> On timely motion, the court must permit anyone to intervene who:
>
> (1)    is given an unconditional right to intervene by a federal
>        statute; or
>
> (2)    claims an interest relating to the property or transaction that
>        is the subject of the action, and is so situated that disposing
>        of the action may as a practical matter impair or impede the
>        movant's ability to protect its interest, unless existing parties
>        adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24(b) governs permissive intervention and states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

The Second Circuit has explained that before a court grants "intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). The Circuit has "underscored that a '[f]ailure to satisfy any one of these four requirements is a sufficient ground to deny the application.'" *Id*. (quoting *"R" Best Produce*, 467 F.3d at 241)). "While accepting 'as true the non-conclusory allegations of the motion[,]' courts applying Rule 24 'must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases.'" *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (alteration in original) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009)).

## B. Analysis of Factors

Rogers seeks intervention as of right under Rule 24(a) on the grounds that Hill cannot adequately represent: (1) the class claim for injunctive and declaratory relief; or (2) an Eighth Amendment conditions of confinement claim on behalf of convicted prisoners. (Dkt. No. 107, at 13). Further, Rogers notes that, because he was both a pretrial detainee and a convicted prisoner at MCJ, he can represent both classes. Defendants do not dispute that Rogers' motion to intervene is timely, nor do they contest that Rogers' interest—as a convicted prisoner—is not adequately protected by Hill's representation as Hill may only represent the interests of pretrial

detainees. Accordingly, the Court turns to Rogers' purported interest and whether it would be impaired by the disposition of this case.

"[F]or an interest to be 'cognizable' under Rule 24, it must be 'direct, substantial, and legally protectable.'" *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014) (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). Defendants argue that there is evidence that Rogers "admits he was not regularly eating what was given to him" and that he traded meals on multiple occasions while incarcerated at MCJ. (Dkt. No. 113-16, at 23–24). However, "[a]n interest that is otherwise sufficient under Rule 24(a)(2) does not become insufficient because the court deems the claim to be legally or factually weak." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001). In this case, it is the adequacy of the meals Rogers received as an inmate at MCJ that he seeks to contest through this action. The Court therefore concludes that he has shown a cognizable interest in this action. Further, where, as here, "a proposed intervenor's interests are otherwise unrepresented in an action, the standard for intervention is no more burdensome than the standing requirement." *Brennan*, 260 F.3d at 131. For the same reason, Rogers has sufficiently shown that "the interest may be impaired by the disposition of the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Thus, Rogers has shown he is entitled to intervene as of right in this action.

### C.      Futility

Defendants argue that Rogers cannot intervene in this action because (1) he does not have standing to pursue a claim for injunctive or declaratory relief; and (2) he did not exhaust his administrative remedies. "Indeed, though not mentioned in the rule itself, 'futility is a proper basis for denying a motion to intervene.'" *Plumbers' & Pipefitters' Local No. 562 Supplemental Plan & Tr. v. J.P. Morgan Acceptance Corp. I*, No. 08-cv-1713, 2011 WL 6182090, at *1,

2011 U.S. Dist. LEXIS 152695, at *5 (E.D.N.Y. Dec. 13, 2011) (quoting *In re Merrill Lynch &*

*Co., Inc. Research Reports Secs. Litig.*, Nos. 02-1484, 02-8472, 2008 WL 2594819, *5, 2008

U.S. Dist. LEXIS 53923, at *13 (S.D.N.Y. Jun. 26, 2008)); *see, e.g.*, *United States v. Glens Falls

Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998) (upholding district court's denial of motion

to intervene on futility grounds). "In determining whether the proposed intervention is futile, the

court must view the application 'on the tendered pleadings—that is, whether those pleadings

allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on

the merits.'" *In re Merrill Lynch*, 2008 WL 2594819, at *5, 2008 U.S. Dist. LEXIS 53923, at

*14 (quoting *Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd.*, 840 F.2d 72, 75 (D.C. Cir.

1988)).

### 1.      Standing—Injunctive and Declaratory Relief

Rogers seeks to intervene as a class representative and named plaintiff in order to

advance a claim for injunctive and declaratory relief. Although Rogers is no longer incarcerated

at MCJ, he argues that because he was incarcerated at the time the Complaint was filed, the

relation-back doctrine preserves his (otherwise moot) claim for injunctive relief. (Dkt. No. 107,

at 16).

"Although the relation back doctrine is typically applied in the context of Rule 15, which

governs a party's amended pleadings, some courts have interpreted Rule 24 to 'provide that an

intervenor's claim may relate back to the case's original complaint *for purposes of the statute of

limitations*.'" *ACORN v. County of Nassau*, 270 F.R.D. 123, 125–26 (E.D.N.Y. 2010) (emphasis

added) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 590 (S.D.N.Y.

2017)); *see also American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (holding that

"the commencement of a class action suspends the applicable statute of limitations as to all

asserted members of the class who would have been parties had the suit been permitted to

continue as a class action"). "[T]he usual case" requires "a live controversy at the time of the

filing of the complaint and the class certification." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir.

2011) (citing *Sosna v. Iowa*, 419 U.S. 393, 398, 402 (1975)). However, as Rogers correctly

notes, "the relation-back doctrine 'has unique application in the class action context, preserving

the claims of some named plaintiff for class certification purposes that might well be moot if

asserted only as individual claims.'" (Dkt. No. 107, at 16 (quoting *Amador*, 655 F.3d at 100)).

Indeed, "[s]ome claims are so inherently transitory that the trial court will not have even enough

time to rule on a motion for class certification before the proposed representative's individual

interest expires." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (quoting *U.S.*

*Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980)). "In such cases, the 'relation back'

doctrine is properly invoked to preserve the merits of the case for judicial resolution." *Id*.

The parties appear to agree that the claims in this case, which involve pretrial detainees or

inmates housed for varying, and often short, periods of time, qualify as "inherently transitory."

*See*, *e.g.*, *Butler v. Suffolk County*, 289 F.R.D. 80, 91 (E.D.N.Y. 2013) (finding that the claims,

which involved inmates who "were pretrial detainees or men serving sentences of one year or

less" at the time the complaint was filed, were "inherently transitory," and concluding that the

relation-back doctrine prevented those claims from being rendered moot when the inmates were

released). This does not end the inquiry, however, because unlike *Butler* and *Amador*, where the

named plaintiffs' claims became moot *after* the complaints were filed, *see id*. at 91; *Amador*, 655

F.3d at 101 ("All thirteen appellants were in DOCS custody when they commenced the action."),

Hill was not in custody at the time he filed the Complaint and his claim for injunctive relief was

moot at the time of filing, thus the Court lacked jurisdiction over that claim at the outset. Indeed,

the Second Circuit has held that the "Rule 15(c) 'relation back' doctrine does not permit

members of a putative class, who are not named parties, to intervene in the class action as named

parties in order to revive claims that were dismissed from the class complaint for want of

jurisdiction." *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 111

(2d Cir. 2013). Although Rogers was at all times a member of the putative class, he was not a

named plaintiff, thus, his "ability to join the suit is foreclosed by the 'long recognized' rule that

'if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of

a plaintiff with a sufficient claim.'" *Id.* (quoting *Disability Advocates, Inc. v. N.Y. Coal. for

Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012)). Thus, the relation back doctrine

does not aid Rogers' claim and he must demonstrate standing to pursue a claim for declaratory

and injunctive relief. [8] *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650–

51 (2017) ("[A]n intervenor of right must have Article III standing in order to pursue relief that

is different from that which is sought by a party with standing."); *Los Angeles v. Lyons*, 461 U.S.

95, 105–106, and n.7 (1983) (ruling that a plaintiff who has standing to seek damages must also

demonstrate standing to pursue injunctive relief).

 "As the Second Circuit has made clear, an intervenor's standing is determined as of the

date the motion to intervene was filed." *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d

579, 589 (S.D.N.Y. 2017) (citing *Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) ("[T]he

intervenors certainly had standing at the time they filed their motions to intervene."); *Robidoux v.*

---

[8] The cases Hill and Rogers cite in support of their contention that the viability of Rogers' claim should be determined based on the date the original complaint was filed, are inapposite or pre-date *IndyMac MBS, Inc.*[8] *See, e.g.*, *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 237 (S.D.N.Y. 2012); *In re Initial Pub. Offering Sec. Litig.*, Nos. 21-mc-92, 01-cv-9741, 01-cv-10899, 2004 WL 3015304, 2004 U.S. Dist. LEXIS 26000 (S.D.N.Y. Dec. 27, 2004); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 894 F. Supp. 2d 144, 156 (D. Mass. 2012); *In re Elscint, Ltd. Sec. Litig.*, 674 F. Supp. 374, 378 (D. Mass. 1987); *Rose v. Ark. Valley Envtl. & Util. Auth.*, 562 F. Supp. 1180, 1192 (W.D. Mo. 1983). The only case Hill and Rogers cite that was issued after *IndyMac MBS, Inc.* addresses the issue of whether a named plaintiff has standing to assert claims relating to products he did not purchase—a different issue than the one presented here, where a proposed intervenor seeks to revive claims that were moot ab initio. *Kacocha v. Nestle Purina Petcare Co.*, No. 15-cv-5489, 2016 WL 4367991, at *10, 2016 U.S. Dist. LEXIS 107097, at *37 (S.D.N.Y. Aug. 12, 2016).

*Celani*, 987 F.2d 931, 938 (2d Cir. 1993) ("[T]he original plaintiff at the time the complaint was filed, and each intervenor at the time of her motion to intervene, was suffering . . . injury capable of being redressed by declaratory or injunctive relief.")). Because Rogers was no longer incarcerated at MCJ as of November 21, 2017, the date he moved to intervene, any claim for injunctive or declaratory relief is moot and he lacks standing to pursue these claims. *See Chen-Oster*, 251 F. Supp. 3d at 590 (rejecting the plaintiffs' argument in putative class action that under the relation-back doctrine the intervenors' "standing should be evaluated at the time of the filing of the original complaint," explaining that relation-back doctrine did "not apply to standing" and measuring "each intervenor's standing from the date of her motion to intervene"). Accordingly, Rogers' motion to intervene to seek declaratory and injunctive relief is denied.

### 2.    PLRA Exhaustion of Administrative Remedies

Rogers may, of course, bring a conditions of confinement claim for damages. *Salahuddin*, 467 F.3d at 272 (observing that although the plaintiff's transfer from prison facility moots his declaratory and injunctive relief claims against officials of that facility, his "right to seek damages is not affected"). Defendants argue that the motion to intervene and amend should, however, be denied under the Prison Litigation Reform Act of 1995 ("PLRA") (codified as amended at 42 U.S.C. § 1997e)) because he failed to exhaust his administrative remedies. (Dkt. No. 113-16, at 14–15). Rogers argues that, because he was no longer incarcerated at the time he moved to intervene, he was not subject to the PLRA's exhaustion requirements.

The PLRA "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a)). The PLRA's exhaustion provision provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

13

exhausted." 42 U.S.C. § 1997e(a). Thus, the PLRA "*requires* exhaustion of available

administrative remedies *before* inmate-plaintiffs may bring their federal claims to court *at all*."

*Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (quoting *Nussle v. Willette*, 224 F.3d 95, 99 (2d

Cir. 2000), *rev'd sub nom. Porter v. Nussle*, 532 U.S. 1065 (2002)).

Rogers was held at MCJ from June 2014 to February 2015. Thus he was a prisoner at

MCJ on July 25, 2014, the date this action was filed, but was not a prisoner on November 21,

2017, the date Hill filed the motion to amend the complaint and he filed the motion to intervene.

It is settled that "litigants . . . who file prison condition actions after release from confinement are

no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion

requirements." *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). The issue is, therefore,

whether the relevant date for PLRA purposes is the date Plaintiff filed the Complaint or the date

Rogers sought to intervene as a plaintiff in this action. The Court concludes that it is the date

Rogers becomes a party to this action that dictates when he filed suit for PLRA purposes. *See*

*Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 258 (M.D. Pa. 2009) (finding that the relevant

date was the date the amended complaint was filed adding Sassaman as a party and holding that,

because "at the time he joined the lawsuit, Sassaman was no longer a prisoner subject to the

PLRA," he was "not subject to the exhaustion requirement of the PLRA"); *see also Johannes v.*

*Washington*, No. 14-cv-11691, 2016 WL 1253266, at *13, 2016 U.S. Dist. LEXIS 43165, at *41

(E.D. Mich. Mar. 31, 2016) ("Defendants have not cited any case applying the doctrine to hold

that plaintiffs *added* to a lawsuit must exhaust their administrative remedies prior to the filing of

the original complaint."); *Anderson v. Shelby Cty. Gov't*, No. 03-cv-2650, 2009 WL 3241676, at

*5 n.5, 2009 U.S. Dist. LEXIS 90452, at *18 n.5 (W.D. Tenn. Sept. 30, 2009) ("All other

plaintiffs, including plaintiff Butler, were former inmates *at the time they became parties to the*

*litigation*, and thus the PLRA's exhaustion requirement does not apply to them."); *Rahim v. Sheahan*, No. 99-cv-0395, 2001 WL 1263493, at \*6, 2001 U.S. Dist. LEXIS 17214, at \*18 (N.D. Ill. Oct. 19, 2001) ("Since [certain plaintiffs] were not 'prisoners' at the time they joined the Fourth Amended Complaint, the exhaustion requirement does not apply to them."). Accordingly, Rogers' motion to intervene is granted to the extent he seeks to assert a conditions of confinement claim for damages.[9]

## VII.    MOTION TO AMEND

### A.    Standard of Review

Rule 15 governs amendments and instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may, however, deny "[l]eave . . . if the amendment would be futile." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014). "A proposed amendment to a complaint is futile when 'it could not withstand a motion to dismiss.'" *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "In assessing whether the proposed complaint states a claim, [courts must] consider 'the proposed amendment[s] . . . along with the remainder of the complaint,' accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (second alteration in original) (citation omitted) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 323 n.3 (2d Cir. 2010)).

---

[9] In any event, "failure to exhaust is an affirmative defense under the PLRA," therefore "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

## B.    Analysis

For the reasons discussed above, the motion to amend is denied to the extent it contains a claim for declaratory and injunctive relief. It is, however, granted for purposes of: (1) adding Rogers as a Plaintiff with a Fourteenth Amendment and Eighth Amendment conditions of confinement claim, reflecting his status as both a pretrial detainee and convicted prisoner at MCJ; and (2) clarifying Hill's status as a pretrial detainee; and (3) clarifying that Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3) and 23(c)(4).[10] Plaintiffs shall revise the proposed amended complaint accordingly and file it within 14 days of the date of this order.

Hill has indicated that he may seek to intervene a "putative class member who is presently incarcerated and who also exhausted . . . administrative remedies if given a modest period of time." (Dkt. No. 126, at 4). Defendants object to any further delay in this action, which has been pending for nearly 4 years. (Dkt. No. 127, at 2). Indeed, the Court shares Defendants' concern regarding the "[e]xtensive time and expense" that has gone into the litigation of this action. (*Id.*). However, as the intervention of a presently incarcerated putative class member as a named plaintiff may enable Hill to pursue a claim for declaratory and injunctive relief, the Court will provide Hill a short period of time, until June 12, 2018, to file a motion to amend and intervene.

## VIII.  CONCLUSION

For these reasons, it is

---

[10] While Hill need not establish Rule 23(b)(3) predominance in the case as a whole, he must establish Rule 23(b)(3) predominance with respect to liability. *See Augustin v. Jablonsky (In re Nassau Cnty. Strip Search Cases)*, 461 F.3d 219, 227 (2d Cir. 2006) ('[We hold that a court may employ[Rule 23(c)(4)] to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement."). Hill has not addressed this issue; Defendants assert that Hill has conceded he cannot satisfy Rule 23(b)(3). (Dkt. No. 125 at 3). To the extent Plaintiffs seek certification under Rules 23(b)(3) and 23(c)(4), they must address this issue.

ORDERED that the claim for injunctive and declaratory relief is **DISMISSED without prejudice**; and it is further

ORDERED that Hill's motion for leave to file an amended complaint and Rogers' motion to intervene as a named plaintiff (Dkt. No. 106) are **GRANTED** for purposes of: (1) adding Rogers as a Plaintiff with a Fourteenth Amendment and Eighth Amendment conditions of confinement damages claim, reflecting his status as both a pretrial detainee and convicted prisoner at MCJ; and (2) clarifying Hill's status as a pretrial detainee; and (3) clarifying that Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3) and 23(c)(4); and it is further

ORDERED that Hill's motion for leave to file an amended complaint and Rogers' motion to intervene (Dkt. No. 106) are otherwise **DENIED**; and it is further

ORDERED that Hill may, by June 12, 2018, file: either (1) an amended complaint, as discussed *supra*; or (2) a second motion to amend and to intervene for purposes of adding a plaintiff with standing to pursue a claim for injunctive and declaratory relief. If such a motion is filed, the Court will consider it, along with any response by Defendants, which must be filed by June 19, 2018, together with the pending motion for class certification. If Hill elects not to file such a motion, the Court will consider the motion for class certification based on the amended complaint and any further briefing; and it is further

ORDERED that if Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3) and 23(c)(4), Plaintiffs must file a letter brief addressing the requirements in Rule 23(b)(3), by June 19, 2018, and Defendants may file a letter brief in response by June 26, 2018.

**IT IS SO ORDERED.**

Dated:  May 29, 2018
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

17