UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PERRY HILL and JAMES ROGERS, both individually and on behalf of a class of others similarly situated,

                Plaintiffs,

v.

COUNTY OF MONTGOMERY, MICHAEL AMATO and MICHAEL FRANKO,

                Defendants.

9:14-cv-00933 (BKS/DJS)

---

**Appearances:**

*For Plaintiffs:*
Law Offices of Elmer Robert Keach, III, P.C.
Elmer Robert Keach, III
Maria K. Dyson
One Pine West Plaza, Suite 109
Albany, NY 12205

Migliaccio & Rathod LLP
Nicholas A. Migliaccio
412 H Street N.E., Suite 302
Washington, DC 20002

*For Defendants:*
Goldberg Segalla LLP
Jonathan M. Bernstein
8 Southwoods Boulevard, Suite 300
Albany, NY 12211

Leary Bride Mergner & Bongiovanni, P.A.
William H. Mergner
7 Ridgedale Avenue
Cedar Knolls, NJ 07927

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AND AUTHORIZING NOTICE OF
PROPOSED SETTLEMENT AND HEARING THEREON**

**I.    INTRODUCTION AND BACKGROUND**

Plaintiffs Perry Hill and James Rogers bring this conditions-of-confinement class action under 42 U.S.C. § 1983 against Defendants County of Montgomery, Michael Amato, and Michael Franko. (Dkt. No. 136). Presently before the Court is Plaintiffs' unopposed[1] motion for preliminary approval of proposed class action settlement (the "Settlement") under Federal Rule of Civil Procedure 23(e). (Dkt. No. 243). On August 19, 2020, the Court held a telephone conference to discuss the proposed settlement. Plaintiffs' motion for preliminary approval and conditional certification is granted, but Plaintiffs are directed to submit revised Notices of Settlement, as described in this Order.

The Court previously recounted, at length, the nature of Plaintiffs' claims and the relevant facts in ruling on the parties' motions for, among other things, class certification, amendment of the complaint, and summary judgment.[2] The Court assumes general familiarity

---

[1] Plaintiffs filed a letter motion indicating that Plaintiffs intended, as part of the "Notice campaign to address the proposed settlement," "to employ television, billboard and social media advertising to reach as many class members as possible." (Dkt. No. 245). Defendants opposed Plaintiffs' proposal as "unnecessary" because Plaintiffs had "the information they need to contact the [class] members" and Defendants had, in any event, "agreed to provide assistance" in contacting class members. (Dkt. No. 247, at 1). After additional briefing, (Dkt. No. 249), and discussions with counsel, including the Class Administrator William Wickersham, the Court granted Plaintiffs' request to post the notice on Facebook and Instagram but denied their request to post notice on a billboard or to use television advertising. (Text Minute Entry, Aug. 19, 2020). The Court directed the parties to confer regarding the content of the social media advertising, (*id.*), and on September 1, 2020, Plaintiffs advised the Court that the parties had agreed upon the notices. (Dkt. No. 255).

[2] *Hill v. Cnty. of Montgomery (Hill I)*, No. 14-cv-933, 2017 WL 9249663, 2017 U.S. Dist. LEXIS 221081 (N.D.N.Y. Sep. 29, 2017) (denying motion for class certification); *Hill v. Cnty. of Montgomery (Hill II)*, No. 14-cv-433, 2018 WL 2417839, 2018 U.S. Dist. LEXIS 88884 (N.D.N.Y. May 29, 2018) (dismissing declaratory and injunctive relief claims and granting in part and denying in part motions to amend and intervene); *Hill v. Cnty. of Montgomery (Hill III)*, No. 14-cv-933, 2018 WL 3979590, 2018 U.S. Dist. LEXIS 140305 (N.D.N.Y. Aug. 20, 2018) (granting motion for class certification of liability class); *Hill v. Cnty. of Montgomery (Hill IV)*, 2019 WL 5842822, 2019 U.S. Dist. LEXIS 193658 (N.D.N.Y. Nov. 07, 2019) (denying motion for summary judgment); *Hill v. Cnty. of Montgomery*

with the background of this case. Having reviewed the parties' submissions, including the Settlement Agreement, (Dkt. No. 241), and the proposed Notice of Proposed Settlement and Hearing (the "Notice"), (Dkt. No. 241, at 32–42), and having considered the parties' positions, as articulated during the telephone conference, the Court makes the findings and grants the relief set forth below preliminarily approving the Settlement upon the terms and conditions set forth in this Order.

## II.    STANDARD OF REVIEW

Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "At this stage, [the court] need only decide whether the terms of the Proposed Settlement are 'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2018 WL 3475465, at *1, 2018 U.S. Dist. LEXIS 120856, at *6 (S.D.N.Y. July 19, 2018) (quoting *NASDAQ*, 176 F.R.D. at 102). "This analysis is 'a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Id.*, 2018 U.S. Dist. LEXIS 120856, at *6–7 (quoting *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980)).

## III.    DISCUSSION

### A.    Settlement Class

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." *In re*

---

*(Hill V)*, No. 14-cv-933, 2020 WL 819225, 2020 U.S. Dist. LEXIS 27844 (N.D.N.Y. Feb. 19, 2020) (granting in part and denying in part motions in limine).

3

*Am. Int'l Grp., Inc. Sec. Litig. (In re AIG)*, 689 F.3d 229, 238 (2d Cir. 2012). However, "because the litigation is being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present." *Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 159 (E.D.N.Y. 2015) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). "The district court must also determine whether the action can be maintained under Rule 23(b)(1), (2), or (3)." *In re AIG*, 689 F.3d at 238. Here, Plaintiffs seek certification of the settlement class under Rule 23(b)(3), "which permits certification where 'the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). While trial management concerns "drop out of the predominance analysis," when considering a settlement class, "the certifying court must still determine whether the 'the legal or factual questions that qualify each class member's case as a genuine controversy' are sufficiently similar as to yield a cohesive class." *Id.* at 240 (quoting *Amchem*, 521 U.S. at 623).

1. **Rule 23(a)(1)**

    a. **Numerosity**

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." In general, numerosity is presumed where a putative class has 40 or more members. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011). The proposed class satisfies the numerosity requirement—there are approximately 2,300 class members. (Dkt. No. 243-1, at 17).

   b. **Commonality and Typicality**

Next, a plaintiff seeking class certification must show "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question of law or fact is common to the class if the

question is "capable of classwide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The common questions must generate "common *answers* apt to drive the resolution of the litigation." *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014)).

Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007) (quoting *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). But typicality "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999). "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). The commonality and typicality requirements are met given the allegations, and evidence during discovery, of routine undernourishment of inmates at Montgomery County Jail.

### c. Adequacy of Representation

"Generally, adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Regarding named Plaintiffs' adequacy, the requirement is twofold: the named plaintiffs must be "prepared to prosecute fully the action and have no known conflicts with any class member." *Shahriar*, 659 F.3d at 253; *accord Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006) (stating that "the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members"). Accordingly, "the named plaintiffs must 'possess the same interest[s] and suffer the same injur[ies] as the class members.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (alterations in original) (quoting *Amchem*, 521 U.S. at 625–26). Further, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."[3] *Baffa*, 222 F.3d at 59 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

There is no indication that Plaintiffs Hill or Rodgers have interests that are in any way at odds with, or antagonistic to, the Putative Class Members. To the contrary, each has actively participated in this lawsuit. The Court further finds, based on Plaintiffs' Counsel's extensive experience in litigating civil rights cases and class actions, and success to date in handling this

---

[3] Courts have also addressed unique defenses as going to commonality or typicality. *See Vargas v. Howard*, 324 F.R.D. 319, 327 n.1 (S.D.N.Y. 2018); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 179 (S.D.N.Y. 2008) (collecting cases).

case, that Plaintiffs' Counsel are adequate Class Counsel. Accordingly, Counsel for the Class ("Class Counsel") are as follows:

> Elmer Robert Keach, III, Esquire
> Maria K. Dyson, Esquire
> LAW OFFICES OF ELMER ROBERT KEACH, III, PC
> One Pine West Plaza, Suite 109
> Albany, NY 12205
>
> Nicholas A. Migliaccio, Esquire
> Jason S. Rathod, Esquire
> Ashley M. Pileika, Esquire
> MIGLIACCIO & RATHOD LLP
> 412 H Street N.E., Suite 302
> Washington, DC 20002

### 2. Rule 23(b)(3)

#### a. Predominance

In addition to meeting all Rule 23(a)'s requirements, a class proponent must satisfy at least one of Rule 23(b)'s three categories. *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 385 (S.D.N.Y. 2016). Here, Plaintiffs move under Rule 23(b)(3). For certification under that subsection, Plaintiffs must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Mazzei*, 829 F.3d at 272. It is satisfied when (1) resolution of any material legal or factual questions can be achieved through generalized proof, and (2) these common issues are more substantial than the issues subject only to individualized proof. *Superannuation Scheme Ltd. v. Petróleo Brasileiro S.A.* (*In re Petrobras Sec.*), 862 F.3d 250, 270 (2d Cir. 2017)). "The distinction between 'individual' and 'common' questions is thus central to the predominance analysis." *Petrobras*, 862 F.3d at 270. An

"individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (alteration in original) (internal quotation marks omitted). The predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement, and it is not satisfied "simply by showing that the class claims are framed by the common harm suffered by potential plaintiffs." *Amchem*, 521 U.S. at 624.

Here, Plaintiffs contend that all members of the Putative Class are unified by common factual allegations: all class members allege that Defendants failed to provide the inmates of Montgomery County Jail adequate nutritional sustenance in violation of the Eighth and Fourteenth Amendments. Concerned that evidence regarding damages would necessitate individualized proof, the Court certified a liability class only. This concern, however, is absent where, as here, there will be no trial and the parties have overcome the issue of individualized damages through their proposal to measure and calculate damages calculation based on the length of time each class member spent in Montgomery County Jail. Accordingly, the Court concludes the predominance test is satisfied.

      **b.**      **Superiority**

In order to certify a class under Rule 23(b)(3), the Court must determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In doing so, the Court considers factors including: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against members of the class"; (3) "the desirability or undesirability of concentrating

the litigation in the particular forum"; and (4) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, the Named Plaintiffs and Putative Class Members have limited financial resources with which to prosecute individual actions, and neither Plaintiffs' counsel nor the Named Plaintiffs are aware of any pending individual lawsuits filed by the Putative Class Members arising from the same allegations. Regarding the forum, concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within the jurisdiction of this Court. Whether the case would be manageable as a class action at trial is not of consequence here in the context of a proposed settlement. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 183 (W.D.N.Y. 2005) ("The court need not consider the [manageability] factor, however, when the class is being certified solely for the purpose of settlement.").

For these reasons, and for the reasons the Court laid out in *Hill III*, when certifying the class for litigation purposes, the Court concludes Plaintiffs meet all the requirements for class certification under Rules 23(a) and (b)(3) and conditionally certifies, for settlement purposes only, the following class under Rule 23(e):

> All persons who have been placed into the custody of the Montgomery County Jail and were detained for at least two consecutive weeks from July 25, 2011 to December 31, 2018.

B.  **Preliminary Approval of Settlement**

Defendants Montgomery County, former Sheriff Michael Amato and former Jail Administrator Michael Franco and Plaintiffs have entered into a Settlement Agreement intended to resolve the litigation pending in this Court. (Dkt. No. 241). The Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants. (Dkt. No. 241). The Court has reviewed the parties' Joint Motion for Preliminary Approval of Settlement and Joint

9

Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials. (Dkt. Nos. 241, 243). The Court has also considered the parties' representations during the August 19, 2020 telephone conference regarding the settlement and the manner in which it was reached. The Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants, who are well-versed in the litigation of civil rights actions under 42 U.S.C. § 1983.

The terms of the Settlement Agreement[4] are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement, (Dkt. No. 241, at 32–42), should be given as provided in this Order.

### C. Class Notice

When a Rule 23(b)(3) class is certified for purposes of settlement, Rule 23 requires first, the provision of "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B); and second, that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

#### 1. Notice Content

According to Rule 23, the "best notice . . . practicable" "must clearly and concisely state in plain, easily understood language:"

The notice must clearly and concisely state in plain, easily understood language:

---

[4] Unless otherwise noted in this Order, any defined terms used in the Order have the same meaning as set forth in the parties' Settlement Agreement.

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The Class Notice of Settlement: (1) describes of the nature of the action, (2) contains the class definition, (3) describes the class claims and defenses, and (4) states that class members may appear via an attorney, (5) instructs class members that they may request exclusion, (6) instructs how and when to request exclusion, and (7) informs that the Court's orders and judgments are binding. (Dkt. No. 241, at 32–42). Some revisions are, however, required.

First, Plaintiffs need to complete the missing information on the Notice, including the phone number and address on page one, and the missing date in Section XXIV, add the claim form, and correct the following typographical errors: the word "member" is missing in the third line of the Section "VIII (It should read "class member."); the word "of" is missing from the second line of the Section XI (It should read "of felonies.") (Dkt. No. 257-1, at 10, 14, 15, 18).

Second, the class definition in the Class Notice, (Dkt. No. 257-1, at 13), is inconsistent with the class definition the Court approved above, which originated from Plaintiffs' proposed preliminary order, (Dkt. No. 241, at 54). Therefore, Plaintiffs must revise the class definition in the Class Notice to reflect the class definition the Court has approved.

Finally, in light of the COVID-19 pandemic, the Fairness Hearing will be held telephonically on February 26, 2021 at 10:00 a.m. Accordingly, Plaintiffs are to modify the "Go

to a Hearing" section of "Your Legal Rights and Options in this Settlement" table on page 2 of the Class notice, (Dkt. No. 257-1, at 11) as follows—changes are underlined:

<u>Call in</u> to a <u>Telephonic</u> Hearing       You may ask to speak <u>to the</u> Court <u>during a telephonic hearing</u> about the fairness of the Settlement or the request for fees and costs.

Plaintiffs are further directed to modify "The Court's Fairness Hearing" Section and Sections XXII and XXIV of the Class Notice, (Dkt. No. 257-1, at 18), as follows—changes are underlined:

### THE COURT'S FAIRNESS HEARING

The Court will hold a <u>telephonic</u> hearing to decide whether to approve the Settlement. You may <u>call in</u> and you may ask to speak, but you do not have to do so.

### XXII. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

<u>On February 26, 2021, at 10:00 a.m., the Hon. Brenda K. Sannes, United States District Judge for the U.S. District Court for the Northern District of New York will hold a fairness hearing telephonically to determine</u> whether the Class was properly certified and whether the proposed Settlement is fair, adequate, and reasonable. <u>The call in information is as follows:</u>

<u>Toll Free Number: 877-336-1274</u>
<u>Access Code: 7605766</u>
<u>Password: 02262021</u>

The Court will listen to people who have asked to speak at the <u>telephonic</u> hearing. The Court may also decide how much to pay Class Counsel. This <u>telephonic</u> hearing may be continued or rescheduled by the Court without further notice. We do not know how long it will take the Court to give its decision.

### XXIII.  DO I HAVE TO <u>CALL IN</u> TO THE <u>TELEPHONIC</u> HEARING?

No. Class Counsel will answer questions the District Court may have about the

12

settlement. But you are welcome to <u>call in to the telephonic hearing</u>. If you send an objection, you do not have <u>to call in to the telephonic hearing</u> to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to <u>call in and attend the hearing telephonically</u>, but it is not required.

The "Summary Notice," "for publication," which is significantly shorter than the Class Notice describes the nature of the action, contains a definition of the class, and advises class members that they may exclude themselves. (Dkt. No. 241, at 8, 54; Dkt. No. 257-1, at 21–22). It does not, however, advise class members of their right to appear through an attorney, how to request exclusion, or of the binding effect of a class judgment. In addition, the toll-free number and "MCJ Settlement" address that can be contacted "for more information" need to be completed on this form. (Dkt. No. 257-1, at 22). And Plaintiffs must modify the last paragraph, (Dkt. No. 257-1, at 22), to include the call-in information for the telephonic hearing. Plaintiffs are directed to file the revised Notice of Class Settlement and the revised Summary Notice by September 25, 2020.

The Social Media Notices appear to contain a link to the class action website, www.montgomerycountyclassaction.net, (Dkt. No. 257-1, at 24–25). While this appears appropriate, *see, e.g.*, *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (noting that court had approved, as part of notice process, "posting a link to the full and summary settlement notices on websites maintain by the plaintiffs' attorneys"), Plaintiffs have not provided information regarding the content of the website. At present, it contains information about the Court's certification of the litigation class. *See* www.montgomerycountyclassaction.net (last visited Sept. 15, 2020). The Court directs Plaintiffs to post the full Class Notice, once it has been approved by the Court, to the website beginning no

<36>
<37>
<38>
<39>
<40>
<41>
<42>
<43>
<44>
<45>
<46>
<47>
<48>
<49>
<50>
<51>
<52>
<53>
<54>
<55>
<56>
<57>
<58>
<59>
<60>
<61>
<62>
<63>
<64>
<65>
<66>
<67>
<68>
<69>
<70>
<71>
<72>
<73>
<74>
<75>
<76>
<77>
<78>
<79>
<80>
<81>
<82>
<83>
<84>
<85>
<86>
<87>
<88>
<89>
<90>
<91>
<92>
<93>
<94>
<95>
<96>
<97>
<98>
<99>
<100>
<101>
<102>
<103>
<104>
<105>
<106>
<107>
<108>
<109>
<110>
<111>
<112>
<113>
<114>
<115>
<116>
<117>
<118>
<119>
<120>
<121>
<122>
<123>
<124>
<125>
<126>
<127>
<128>
<129>
<130>
<131>
<132>
<133>

later than October 1, 2020 and further directs Plaintiffs not to begin the social media notices until after the website contains the approved Class Notice.

## 2. Notice Procedure

Beginning no later than October 1, 2020, Class Counsel shall cause to be disseminated the notices, as approved by the Court, in the manner set forth in the Settlement Agreement. Notice should be disseminated expeditiously pursuant to the terms of the Settlement Agreement. Class members will have Sixty days (60) from the Notice Date to opt out or object and One-Hundred Twenty days (120) from the Notice Date to file claims. Fourteen days prior to the Fairness Hearing, Plaintiffs or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the telephonic Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notices, with the revisions directed by the Court, are accurate, objective, informative and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

Further, Class Counsel are authorized to retain RG/2 Claims Administration LLC as a Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

## 3. Requests for Exclusion from the Settlement Class

As set forth in the Class Notice, any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to

Class Counsel postmarked on or before December 1, 2020.[5] The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to Class Counsel.

Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund created pursuant to the Settlement Agreement.

### D. The Fairness Hearing

A telephonic hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before this Court on February 26, 2021 at 10:00 a.m. by telephone, to consider the fairness, reasonableness, and adequacy of the proposed settlement, and the entry of final judgment in the Class Action. Class Counsel's application for award of attorneys' fees and costs shall be heard at the time of the telephonic Fairness Hearing. The date and time of the telephonic Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class

---

[5] Plaintiffs are directed to take into account the letters that have been submitted by Dean Steppello, (Dkt. Nos. 251, 258).

members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the proposed Settlement, entry of the Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by filing and serving a written objection.

Any Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position. If an objector intends to speak at the telephonic Fairness Hearing, the objector must include with the objection a notice of the objector's intent to call in and speak at the hearing.

Objections, along with any notices of intent to call in and speak, must be filed no later than December 1, 2020. If Counsel is appearing on behalf of more than one Class member, counsel must identify each such Class member and each Class member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> Clerk of the Court
> United States District Court for the Northern District of New York
> James M. Hanley Federal building & U.S. Courthouse
> 100 S. Clinton Street
> Syracuse, NY 13261

Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the addresses listed below:

> Elmer R. Keach, Esq.
> Law Offices of Elmer Robert Keach, III, PC

One Pine West Plaza, Suite 109
Albany, NY 12205

Jonathan M. Bernstein, Esq.
Goldberg Segalla
8 Southwoods Boulevard, Suite 300
Albany, NY 12211-2364

Only Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the telephonic Fairness Hearing. Any Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for fees, costs and expenses, in accordance with the procedure set forth in the Class Notice and mandated in the Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise. Settlement Class members need not call into the hearing or take any other action to indicate their approval.

All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against the Defendants.

E.     **Other Provisions**

Upon approval of the settlement provided for in this Settlement Agreement, each and every provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making without further approval of the Court minor changes to the form or content of the Notice, and other exhibits that they jointly

agree are reasonable and necessary.

If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void. Defendants shall reserve all arguments, defenses and issues that they would have been able to raise absent the settlement of this action, including the right to contest the allegations made by the Plaintiffs. Additionally, Plaintiffs shall reserve all of their rights, absent the settlement of this action.

## IV. CONCLUSION

For these reasons it is hereby

**ORDERED** that Plaintiffs are directed to file the revised Notice of Class Settlement and the revised Summary Notice by September 25, 2020.

**IT IS SO ORDERED.**

Date:  September 15, 2020
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge